[Cite as *Hawk v. Ohio Dept. of Transp.*, 2015-Ohio-4942.]

| | |
|---|---|
| JAMES P. HAWK | Case No. 2015-00377-AD |
| Plaintiff | Clerk Mark H. Reed |
| v. | |
| OHIO DEPARTMENT OF TRANSPORTATION | <u>MEMORANDUM DECISION</u> |
| Defendant | |

{¶1} Plaintiff James P. Hawk filed this claim on April 20, 2015 to recover damages which occurred when his 2006 Lincoln Zephyr struck a large pothole while traveling on I-75 between exit 167 and 168 in Wood County, Ohio. This road is a public road maintained by the Ohio Department of Transportation. Plaintiff's vehicle sustained damages in the amount of $272.76. Plaintiff maintains a collision insurance deductible of $500.00.

{¶2} The evidence in this case reveals that the area where plaintiff had his accident was a construction zone. The department had contracted with Miller Brothers Construction, Inc. to do certain construction work on this section of IR 75 between mile markers 167 and 168 in Wood County.

{¶3} In a complaint presented to the Court regarding damage to motor vehicles traveling on a state highway in a construction zone, the Court may only pass judgment on whether the plaintiff has shown that the department breached its duty to the public in managing the contractor and ensuring the safety of the public within the construction zone. The department could be found negligent in this type of case only if it failed to properly manage the contractor by reasonably inspecting the construction site and the work performance of the contractor, or if the agency knew or should have known about the pothole in question and failed to repair or to require the contractor to repair the road hazard.

{¶4} In the Investigation Report filed July 24, 2015, the defendant stated that they had received no reports of any pothole within the construction work zone, immediately prior to plaintiff's accident (ODOT did receive a complaint on the same day, several hours after plaintiff had his accident). The contractor Miller Brothers Construction, Inc. also reports receiving no notice of any potholes in the area. Thus, the Court is unable to find that the agency knew about this pothole. Further, a review of the Exhibits submitted by ODOT as part of its Investigation Report does not reveal a sufficient pattern of pothole formation or other roadway hazard creation in this construction zone that would have placed the Department or the contractor on notice that this area of the roadway was more likely to have potholes than other similar sections of roadway.

{¶5} As we consider whether ODOT breached its duty to the public in keeping the construction area safe, the Court must take into account that this was an active construction zone. Ohio law is clear that ODOT cannot guarantee the same level of safety during a highway construction project as it can under normal traffic conditions. *Feichtner v. Ohio Dept. of Transp.*(1995), 114 Ohio App. 3d346, 354; *Roadway Express, Inc.* The test is whether, under the totality of the circumstances, "ODOT acted sufficiently to render the highway reasonably safe for the traveling public during the construction project." *Basilone v. Ohio Dept. of Transp.* (Feb. 13, 2001), Hamilton App. No. 00AP-811, citing *Feichtner*, and *Lumbermens Mut. Cas. Co. v. Ohio Dept. of Transp.* (1988), 49 Ohio App.3d. 129.

{¶6} In this case, there is nothing in the record that would allow the Court to find that the department did not act appropriately to manage the contractor and keep the construction area safe. The plaintiff did not offer any evidence to counter what was in the defendant's report regarding this element.

{¶7} Since the plaintiff is unable to prove that the defendant knew or should have known about this dangerous condition, the claim must fail.

| | |
|---|---|
| JAMES P. HAWK | Case No. 2015-00377-AD |
| Plaintiff | Clerk Mark H. Reed |
| v. | |
| OHIO DEPARTMENT OF TRANSPORTATION | ENTRY OF ADMINISTRATIVE DETERMINATION |
| Defendant | |

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

 

_____

MARK H. REED
Clerk

Entry cc:

James P. Hawk
7890 Bechtol Road
Lima, Ohio 45801

Jerry Wray, Director
Ohio Department Of Transportation
1980 West Broad Street
Mail Stop 1500
Columbus, Ohio 43223

Filed 9/10/15
Sent to S.C. Reporter 11/30/15